IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SILVIA DE LEON, Individually and on behalf of others similarly situated | § § § | FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:15-CV-02073 |
| CAFÉ ISTANBUL INC., NEW CAFÉ ISTANBUL INC., CAFÉ ISTANBUL LEGACY INC., and EROL GIRGIN | § § § § | |
| *Defendants* | § § § | |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is made and entered into by and between the Plaintiff, SILVIA DE LEON, and the Defendants, CAFÉ ISTANBUL INC., NEW CAFÉ ISTANBUL INC., CAFÉ ISTANBUL LEGACY INC., AND EROL GIRGIN ("DEFENDANTS").

**WHEREAS,** SILVIA DE LEON instituted the following civil action:  Case No. 3:15-CV-02073, in the United States District Court, Northern District of Texas, Dallas Division, against CAFÉ ISTANBUL INC., NEW CAFÉ ISTANBUL INC., CAFÉ ISTANBUL LEGACY INC., AND EROL GIRGIN for minimum wage, overtime compensation, liquidated damages, costs of court, attorney's fees, pre-judgment interest, post-judgment interest and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("Lawsuit");

**WHEREAS,** Defendants filed a joint Answer with multiple affirmative defenses in which Defendants denied SILVIA DE LEON's claims;

**WHEREAS,** pursuant to the Court's Scheduling Order, the parties mediated the case and settled the matter at the mediation on June 3, 2016, entered into a mediation Settlement Agreement to resolve this matter and avoid the disruption and expense of further litigation ("Mediation Agreement") and further agreed to reduce the Mediation Agreement to a settlement agreement and other dismissal documentation to dismiss the Lawsuit;

**NOW, THEREFORE,** in consideration of the premises and mutual promises contained herein, it is agreed as follows:

1.      The foregoing recitals are true. This Agreement is not and shall not in any way be construed as an admission by any party of any wrongdoing. The parties have entered into this Agreement for the sole purpose of resolving the aforementioned civil litigation and to avoid the burden, expense, delay and uncertainties of litigation.

2.      On or before June 24, 2016, the parties shall file with the Court through their counsel a Joint Motion to Approve Settlement and to Dismiss Claims with Prejudice in form and substance similar to the motion that the parties' counsel execute simultaneously with this Agreement.

3.      In consideration of this Agreement, and in full and final settlement of any claims which were made by SILVIA DE LEON in the Lawsuit as well as all wage and hour related demands, claims and causes of action, fixed or contingent, liquidated or unliquidated, whether or not asserted in the Lawsuit as of this date, arising from or related to the events and transactions which are the subject matter of the Law suit, and all claims, debts, promises, agreements, demands, causes of action, attorneys' fees, losses and expenses of every nature whatsoever, known or which she reasonably should have known, whether said claims were filed or unfiled, arising prior to the Effective Date of this Agreement, or arising out of or in connection with

SILVIA DE LEON'S employment by DEFENDANTS ("Released Claims"), that SILVIA DE LEON and/or her agents, attorneys, heirs, successors or assigns ("Plaintiff Parties") has or may have against DEFENDANTS or any of their principals, officers, managers, employees, agents or attorneys ("Defendant Parties"), jointly or individually, whether based in contract, tort or otherwise, Defendants shall pay the total sum of EIGHTEEN THOUSAND FIVE HUNDRED AND SEVENTY AND 00/100 DOLLARS ($18,570.00) ("Settlement Amount"), received by the Equal Justice Center, 1801 N. Lamar, Suite 325, Dallas, TX 75202 by 5:00pm on the 30th day after the parties' signatures on this agreement. The parties agree that within 5 days of verification of receipt of payment, they will file a joint Motion to Approve Settlement and Dismiss Claims with Prejudice.

4.      SILVIA DE LEON agrees that the Equal Justice Center shall be responsible for the disbursement of the Settlement Amount pursuant to the agreement between SILVIA DE LEON and her attorneys of record in the Lawsuit. As between SILVIA DE LEON, her counsel, and Defendants, the Settlement Amount shall be allocated, reported and taxed as follow:

a.      SILVIA DE LEON will receive a gross amount of $5,000, half of which, or $2,500 shall be treated as employee compensation. DEFENDANTS shall provide to SILVIA DE LEON, on or before January 31, 2017 a Form W-2 with this amount entered in Box 1. This income shall be reported as based on a miscellaneous payroll period of 365 days.

b.      The remaining half of the amount payable to SILVIA DE LEON or $2,500, shall be regarded as other than wages and DEFENDANTS shall provide to SILVIA DE LEON, on or before January 31, 2017, a Form 1099 with this amount entered in line 3 under "other income."

c.      $13,570 payment to the Equal Justice Center (EJC) by a single check for attorney's fees and costs. It is the understanding and intent of all the parties to this agreement that this amount shall consist entirely of attorney fees and costs as authorized under the Fair Labor Standards Act.

5.      Neither DEFENDANTS, SILVIA DE LEON, their agents, nor attorneys make any additional representation regarding the tax consequences or liability arising from DEFENDANTS's payment of the settlement. Each party shall be responsible for assessing its own tax liability and for reporting and paying the taxes, if any, that it may owe on any part of the settlement paid to SILVIA DE LEON. It is understood and agreed that SILVIA DE LEON is liable for her own tax obligations, if any, with respect to any amounts paid to SILVIA DE LEON for which taxes are not being withheld.

6.      Time is of the essence as to all of the parties' obligations under this Agreement. The payment is immediately considered late if not delivered in the timeframe and form as outlined in paragraph 3. If an action for enforcement of this Agreement or collection of any amounts due under this Agreement is instituted, the prevailing party will be entitled to reasonable attorney's fee and costs.

7.      In consideration and conditioned upon receipt of the Settlement Amount as described above, SILVIA DE LEON does hereby absolutely release and forever discharge Defendants and all Defendant Parties from any and all Released Claims.

8.      Except as otherwise agreed in Paragraphs 3 and 4 of this Agreement, the parties shall bear their own attorney's fees and costs.

9.      As part of the consideration inducing DEFENDANTS to settle this matter, SILVIA DE LEON agrees never to reapply for or accept employment with DEFENDANTS or

any of their subsidiaries and understands that if she does, such application will be rejected and/or such employment will be terminated pursuant to this Agreement.

10.     This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof.  This Agreement may not be changed orally, and may only be modified in writing signed by the parties.

11.     In signing this Agreement, all parties expressly warrant that they have read and fully understand it and that there are bona fide disputes as to the law and facts. THE PARTIES specifically agree that there is a bona fide dispute concerning SILVIA DE LEON'S claims, including the number of unpaid regular and overtime hours claimed, whether DEFENDANTS violated the FLSA and whether DEFENDANTS's actions can constitute a willful violation of the FLSA.   THE PARTIES agree that the subject settlement is fair and equitable. All parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it.

12.     This Agreement may be executed in counterparts each of which shall be deemed an original and binding on its signatory, but which collectively shall constitute one and the same instrument.

13.     This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

14.     All warranties, representations, terms, conditions, covenants, agreements and releases contained herein shall survive this Agreement.  Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining

parts, terms or provisions shall not be affected thereby, and said invalid parts, terms or provisions shall be deemed not a part of this Agreement.

15.     This Agreement is entered into in the State of Texas, and its validity, construction, interpretation and administration shall be governed by the laws of the State of Texas.

16.     In entering into this Agreement, all parties represent that they have relied upon the legal advice of their attorney, who is the attorney of their choice, and that the terms of this Agreement have been completely read and explained to them by their respective attorney, and that they fully understand and accept those terms.

17.     All parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

18.     This Agreement may be enforced by any court having jurisdiction and relief shall include specific performance and injunctive relief.

_____ June 24, 2016
Silvia De Leon

Café Istanbul Inc.

By: _____ June 28, 2016
        Erol Girgin
Its:    Manager

New Café Istanbul Inc.

By: _____ June 28, 2016
        Erol Girgin
Its:    Manager

Café Istanbul Legacy Inc.

By: _____ June 28, 2016
        Erol Girgin
Its:    Manager

_____ June 28, 2016
Erol Girgin, individually

APPROVED AS TO FORM AND SUBSTANCE:

_____
Michael O'Keefe Cowles
Texas State Bar No. 24082865
EQUAL JUSTICE CENTER
1801 N. Lamar, Suite 325
Dallas, Texas 75201
(469) 203-2150
mclwles@equaljusticecenter.org


ATTORNEY FOR PLAINTIFF

_____
Dustin Paschal
13601 Preston Road, Suite W870
Dallas, Texas 75240
(972) 893-9340 Telephone
(972) 893-9350 Facsimile
dustin@simonpaschal.com

_____
Settlement Agreement and General Release                Page 7

ATTORNEY FOR DEFENDANTS